UNITED STATES of America,
Plaintiff-Appellee,

v.

Lawrence L. PETTAWAY,
Defendant-Appellant.

No. 17-4359

United States Court of Appeals,
Fourth Circuit.

Submitted: October 19, 2017

Decided: October 23, 2017

Timothy Anderson, ANDERSON & AS-
SOCIATES, PC, Virginia Beach, Virginia,
for Appellant. Katherine Lee Martin, As-
sistant United States Attorney, Richmond,
Virginia; Alan Mark Salsbury, Assistant
United States Attorney, Norfolk, Virginia,
for Appellee.

Before NIEMEYER, MOTZ, and
KING, Circuit Judges.

Unpublished opinions are not binding
precedent in this circuit.

PER CURIAM:

Lawrence L. Pettaway appeals the dis-
trict court's judgment revoking his super-
vised release and imposing a sentence of
36 months of imprisonment. Appellate
counsel has filed a brief pursuant to *An-
ders v. California,* 386 U.S. 738, 87 S.Ct.
1396, 18 L.Ed.2d 493 (1967), concluding
that there are no meritorious grounds for
appeal but questioning the reasonableness
of Pettaway's sentence. We affirm.

"A district court has broad discretion
when imposing a sentence upon revocation
of supervised release." *United States v.
Webb,* 738 F.3d 638, 640 (4th Cir. 2013).
"We will affirm a revocation sentence if it
is within the statutory maximum and is not
plainly unreasonable." *Id.* (internal quota-
tion marks omitted). "When reviewing
whether a revocation sentence is plainly
unreasonable, we must first determine
whether it is unreasonable at all." *United
States v. Thompson,* 595 F.3d 544, 546 (4th
Cir. 2010). A revocation sentence is proce-
durally reasonable if the district court ade-
quately explains the sentence after consid-
ering the policy statements in Chapter
Seven of the Sentencing Guidelines and
the applicable 18 U.S.C. § 3553(a) (2012)
factors. *See* 18 U.S.C. § 3583(e) (2012); *see
also United States v. Slappy,* 872 F.3d 202,
206-11 (4th Cir. 2017); *Thompson,* 595 F.3d
at 546-47. "And a revocation sentence is
substantively reasonable if the court suffi-
ciently states a proper basis for its conclu-
sion that the defendant should receive the
sentence imposed." *Slappy,* 872 F.3d at
206-07 (alteration and internal quotation
marks omitted).

We conclude that the district court's ex-
planation of Pettaway's above policy state-
ment range sentence, in discussing the
need for future deterrence in light of Pett-
away's background and criminal history
and pointing out Pettaway's repeated non-
compliance with the terms of his super-
vised release, easily satisfies this standard.
Furthermore, we conclude that an upward
variance of 18 months from the top of the
applicable policy statement range is not
unreasonable. *See, e.g., United States v.
Diosdado-Star,* 630 F.3d 359, 362, 367 (4th
Cir. 2011).

In accordance with *Anders,* we have re-
viewed the entire record in this case and
have found no meritorious grounds for ap-
peal. We therefore affirm the judgment of

the district court. This court requires that counsel inform Pettaway, in writing, of the right to petition the Supreme Court of the United States for further review. If Pettaway requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pettaway.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*